**DYKEMA GOSSETT LLP**
S. CHRISTOPHER WINTER, SBN: 190474
kwinter@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants
CRUISE LOGISTICS, LLC
NATHAN NICHOLSON

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSQUIK, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>FREIGHTCO LOGISTICS, a unknown business entity CRUISE LOGISTICS, LLC; NATHAN NICHOLSON, an individual; and Does 1-50, inclusive<br><br>        Defendants. | Case No. 2:09-cv-04769-JHN (PLAx)<br>Judge: Jacqueline Hong-Ngoc Nguyen<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

Plaintiff Transquik, Inc. ("Transquick") and Defendants Nathan Nicholson and Cruise Logistics, LLC d/b/a Freightco Logistics (collectively, "FreightCo") have stipulated to this [Proposed] Stipulated Protective Order ("Protective Order") by their undersigned counsel.

The parties represent that pretrial discovery in this case will necessarily focus on matters that are confidential and proprietary to the ongoing business of the parties or of third parties, and may require the production of material describing the parties' respective lists of actual and potential customers, and material non-public financial information and projections.

Such information falls within recognized categories of information which may be protected from public disclosure through confidentiality designations under a protective order. *See* Fed. R. Civ. P. 26(c)(7) (allowing protection of "trade secret or other confidential research, development or commercial information").

The parties further represent that public disclosure of such material poses a substantial risk of great economic harm in that discovery of a party's trade secrets or other proprietary commercial information would put the party at a competitive disadvantage and would be a windfall to the discovering (competing) party.

For the foregoing reasons, good cause exists for entry of this Order to facilitate pretrial disclosure while assuring the safety of these sensitive disclosures. *See* Fed. R. Civ. P. 26(c).

This Order shall apply to pretrial out-of-court discovery and pretrial filings with the Court.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pretrial proceedings in this action:

1

## I. INTRODUCTION AND SCOPE

This Protective Order shall govern any designated information produced in this action, including all designated deposition testimony, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery. This Protective Order shall also govern any designated information produced in this action pursuant to required disclosures under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California, and any supplementary disclosures thereto. This Protective Order shall apply to the categories of information listed in this paragraph in the present action only.

## II. DESIGNATION

A. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document or portion of any document produced by it in this litigation which contains non-public, proprietary, or confidential information, whether personal or business related, that constitutes, reflects, or concerns trade secrets—as defined by Cal. Civ. Code § 3426.1(d), know how or other confidential, technical, business or financial information (hereafter "Classified Material"). This designation shall be made by stamping each page of the document containing confidential information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as the case may be pursuant to paragraphs **II.B.** and **II.C.** below, prior to its production or, if inadvertently produced without such legend, by promptly furnishing written notice to the receiving party that the information or document constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as CONFIDENTIAL or HIGHLY CONFIDENTIAL need be made until copies of the materials are requested

2

after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by the party's counsel shall be treated as though designated as HIGHLY CONFIDENTIAL at the time of the inspection.

B. "HIGHLY CONFIDENTIAL" information shall be Classified Material of the most sensitive nature, which the designating party in good faith believes to be unknown to the party receiving such information and which, if disclosed to the receiving party, competitors, persons of expertise in the area or others, would reveal significant confidential, technical, business or financial information or advantages of the designating party. Classified Material designated as HIGHLY CONFIDENTIAL information will be produced on an "outside counsels' eyes only" basis, and may include sales and financial information, information regarding pricing and royalty and customer identification.

C. "CONFIDENTIAL" information shall encompass all Classified Material that is not HIGHLY CONFIDENTIAL, but would nonetheless cause a substantial risk of harm or prejudice to the producing party if disclosed to the public. Matter designated as CONFIDENTIAL shall mean sensitive personal or business information, which matter is not generally known to the public, which would not normally be revealed to another, or which would be revealed to another only in confidence.

### III.    LIMIT ON USE AND DISCLOSURE OF DESIGNATED INFORMATION

No party or other person bound by the terms of this Protective Order shall disclose, use or release to any person not qualified under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person qualified under this Protective Order for any purpose other than

3

the prosecution or defense of this action, unless ordered by a judge. In addition, CONFIDENTIAL or HIGHLY CONFIDENTIAL documents and information designated by any party hereunder shall be maintained so as to preclude access by persons who are not qualified to have access. It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel. The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

## IV.    DISCLOSURE OF CLASSIFIED MATERIAL

Except as otherwise provided herein or by further written stipulation of the parties or by further Order of the Court, documents or information containing confidential or proprietary information of a party may be designated by that party as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

A.    Documents    or    information    designated    as    HIGHLY CONFIDENTIAL shall only be disclosed by the recipient thereof, on a need-to-know basis, to (i) outside counsel of record for the parties and their staff working on this litigation; (ii) the Court, Court personnel and Court reporters; (iii) independent consultant experts, and their staff, who are expressly retained by a party or its outside counsel of record for purposes of assisting outside counsel with respect to this litigation pursuant to paragraph **VI** below, who are not employees of the parties and who first agree to be bound by this Protective Order pursuant to the provisions of paragraph **VII** below; and (iv) independent graphics or design services retained by the parties or counsel for purposes of this litigation

4

who first agree to be bound by this Protective Order pursuant to the provisions of paragraph **VII** below. No documents or information designated as HIGHLY CONFIDENTIAL shall be disclosed to any person other than the foregoing persons except by further written stipulation of the parties or by further Order of the Court.

B.      Documents or information designated as CONFIDENTIAL shall only be disclosed by the recipient thereof, on a need-to-know basis, to (i) the persons identified in paragraph **IV.A.**, above, pursuant to the provisions of that paragraph and paragraph 6 below.

## V.      REDACTION

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by Fed. R. Civ. P. 26(b), and may thus produce documents for inspection either in a masked or unmasked form. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated either on the document itself or on a privilege log which accompanies the produced documents. The redacting party shall bear the burden of proof with respect to the propriety of the redaction.

## VI.   IDENTIFICATION OF EXPERTS

If any party desires to give, show, make available or communicate documents or information designated by another party as CONFIDENTIAL or HIGHLY CONFIDENTIAL to any expert consultant pursuant to paragraph **IV** above, it must first identify in writing the expert consultant to whom it intends to give or disclose such documents or information to the attorneys for all other parties, who shall have ten (10) business days from receipt of such notice to object to disclosure to the expert so identified, during which time no disclosure shall be made to the expert.  Such identification shall include, at least, the full name and professional address and/or affiliation of the proposed expert; an up-to-date curriculum vitae of the expert identifying at least all other present and prior employments or consultancies of the expert for the last four (4) years; and a list of the actions in which the expert has testified during the last four (4) years.  In the event such proposed expert is prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or consultancy, the expert shall so state and shall in that case disclose such information as the expert is permitted to provide regarding the nature of the consultancy (such as, *e.g.,* the industry and technology involved in the employment or consultancy; whether the employment or consultancy was for a competitor of the party; and like information) to enable, to the extent possible, the other party to determine whether or not to object to the expert.  The parties agree that the above-listed information shall constitute sufficient information from which to approve disclosure to the expert.

If a party objects to the expert, such party must object in writing and provide the basis for the objection within ten (10) business days after receipt of the designation of the expert as set forth above.  If a party objects, the parties shall, within ten (10) business days from the date of the written notice of objection, confer and attempt to resolve the dispute informally.   At that

conference, the objecting party shall inform the other party of its reasons for objecting to the designated person. If the objections cannot be resolved or the conference does not take place, then either party may move for an Order of Court *pursuant to Local Rule 37. (p.)* allowing or denying the disclosure. In the event objections are made and not resolved informally, disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL documents and information to the expert shall not be made except by Order of the Court. The party to whom an objection has been made may (but is not required to) move for relief from the Court. The party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

If no response to an expert consultant identification is received from a party within the ten (10) business day expert evaluation period, then that party's approval of the expert consultant's access to confidential information will be presumed but shall not preclude the producing party from objecting to continued access if the producing party or its counsel learns of facts suggesting a basis for objection.

## VII. AGREEMENT OF CONFIDENTIALITY

Except as otherwise provided herein, in no event shall any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL be disclosed to any person, other than the Court, court personnel and court reporters, or counsel of record of the parties and their authorized staffs, until such person has executed a written Confidentiality Undertaking acknowledging and agreeing to be bound by the terms of this Protective Order in the form set forth in Exhibit A hereto. Counsel shall retain all executed versions of Exhibit A until the end of the litigation and shall, upon request at that time, provide copies thereof to counsel for the opposing party.

## VIII. RELATED DOCUMENTS

Documents and information designated as CONFIDENTIAL or HIGHLY

7

CONFIDENTIAL shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with paragraph **IX** below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with paragraph **XI** below.

## IX. DESIGNATION OF DEPOSITION TRANSCRIPTS

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as CONFIDENTIAL or HIGHLY CONFIDENTIAL as the case may be; or (b) within thirty (30) days following receipt of the deposition transcript by providing written notice to all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession, custody or control as directed by the designating party. All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY CONFIDENTIAL for a period of thirty (30) days after receipt of the transcript and, during that thirty (30) day period, the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph **IV** herein to review documents or materials designated HIGHLY CONFIDENTIAL on behalf of that non-designating party.

The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates as subject to this Stipulation and Order, all persons other than those who: (a) are qualified

to receive HIGHLY CONFIDENTIAL information pursuant to paragraph **IV**; and (b) have, if required, executed a Confidentiality Undertaking in the form of Exhibit A.

## X.   DESIGNATION OF DOCUMENT PRODUCTION

If a producing party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, that party need not label the documents and things in advance of that inspection. For purposes of the inspection, all documents within the produced files will be considered as having been preliminarily marked HIGHLY CONFIDENTIAL. During the inspection at the producing party's premises, the inspecting party shall select specific documents or groups of documents for copying by a professional copy service at the inspecting party's own expense. After receiving the copies of the selected documents from the copy service, the producing party shall have fifteen (15) calendar days to review and mark the copies as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as appropriate, and thereafter produce those copies to the inspecting party within the above-stated fifteen (15) day period. All documents selected for production by the inspecting party must be produced by the producing party within the fifteen (15) day review period.

## XI.   DISCLOSURE TO AUTHOR OR RECIPIENT

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document, whether or not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, to any person identified on the document as an author, addressee, or carbon copy recipient of such document, or someone reasonably shown by evidence to have had authorized access to such document; and regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness,

9

counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

## XII.  DISCLOSURE TO JURY RESEARCH PARTICIPANTS

Notwithstanding any other provision herein, a party may disclose another party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information to independent, retained jury research participants provided those jury research participants first sign Exhibit B attached hereto agreeing to maintain in confidence and to not use the other party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Jury research participants are not permitted to keep the other party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

## XIII. DESIGNATION OF DOCUMENTS UNDER SEAL

Any information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, if filed with the Court, shall be filed in accordance with Local Civil Rule 79-5.1 and kept by the Court pursuant to Local Rule 79-5.2. The application to file under seal must demonstrate good cause for the under seal filing. The party filing any paper which reflects, contains or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL as the case may be, and a statement substantially in the following form:

### SUBJECT TO PROTECTIVE ORDER

**This envelope contains documents subject to a Protective Order of the Court. It should not be opened nor its contents disclosed, revealed or made public except by Order of the Court or written agreement of the parties.**

## XIV.  CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS

No person may disclose, in public or private, any designated information or documents of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, information or documents designated by it as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Such disclosure shall not waive the protections of this Protective Order and shall not entitle the other party or its attorneys to disclose such information or documents in violation of this Protective Order.

## XV. PREPARATION

Any party may mark any material designated hereunder as CONFIDENTIAL or HIGHLY CONFIDENTIAL as an exhibit to a deposition and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material, provided (a) the qualified witness previously has executed or stated under oath to agree to be bound by this Protective Order in the form set forth in Exhibit A hereto, and (b) the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

## XVI. OTHER PROTECTIONS: CHALLENGE TO CONFIDENTIALITY DESIGNATION

A. Any disputes relating to this Protective Order, such as those regarding the designation of confidential documents, must be resolved pursuant to L.R. 37.

B. This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of

information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

C.    On any motion challenging the designation of any document or other record or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the burden of justifying the designation shall lie with the designating party. That is, the party seeking to maintain the confidentiality of the information shall bear the burden of showing that specific prejudice or harm will result if no protection is granted.

D.    If a party seeks declassification or removal of particular items designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other thing, the following procedure shall be utilized:

1.    The party seeking such declassification or removal shall give counsel for the other party written notice thereof in the form of a request for a pre-filing conference pursuant to L.R. 37-1.    Such request for pre-filing conference shall comply with the requirements of L.R. 37-1, and shall include identification of the document, information or other thing as to which such removal is sought and the reasons for the request;

2.    Counsel for the producing party shall confer with counsel for the party seeking declassification within ten (10) calendar days.  During such conference, counsel for the producing party shall articulate the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

3.     If, after conferring, the parties cannot reach agreement concerning the matter within five (5) calendar days after the conference pursuant to sub-section 2, above, then the parties shall prepare a joint stipulation pursuant to L.R. 37-2 which stipulation shall be filed and served with the notice of motion seeking declassification of the document(s) at issue.

## XVII. PRIOR OR PUBLIC KNOWLEDGE

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge other than through improper or unauthorized disclosure, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than through an inadvertent act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order, or that is legitimately and independently developed or invented by the party to whom disclosure is made as demonstrated by written proof.

## XVIII. LIMITATION OF PROTECTIVE ORDER

This Protective Order is entered for the sole purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.   Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

This Protective Order is not intended to fully address discovery objections to produce, answer, or respond to the grounds of attorney-client privilege or work product immunity, nor to preclude either party from seeking further relief or

other protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of this Court.

## XIX. INADVERTENT DISCLOSURE OF WORK PRODUCT OR PRIVILEGED INFORMATION; PROCEDURE AND WAIVER

Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly after the producing party learns of such inadvertent production. If prompt notification is made, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed upon request, and all notes containing or concerning such inadvertently produced documents or information contained therein shall be destroyed, within five (5) business days of receiving such written notice. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy such documents. The party having returned such inadvertently produced material may thereafter seek production of any such material in accordance with the Federal Rules of Civil Procedure by moving the Court, provided that the party seeking discovery may not assert waiver as a basis for production based solely on the inadvertent production.

## XX. NON-PARTY MATERIAL

Non-parties may invoke all the provisions of this Protective Order which are available to the parties. This provision does not abridge a non-party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the non-party's own motion or on a motion brought on its behalf by an objecting party. The party seeking production from a non-party who may possess CONFIDENTIAL or HIGHLY CONFIDENTIAL material of the other party shall offer to provide a copy of this Protective Order to that non-

14

party prior to any production from that person or entity. The party seeking production shall also take reasonable steps to inform that non-party of its rights under this Protective Order and its ability to designate any material it produces as CONFIDENTIAL or HIGHLY CONFIDENTIAL. In addition, the party shall treat the CONFIDENTIAL or HIGHLY CONFIDENTIAL material of non-parties in accordance with the terms of this Protective Order.

## XXI. RETURN OF DESIGNATED INFORMATION

A. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Confidential Information at trial, and shall submit such agreement or proposals to the Court for consideration.

B. Within sixty (60) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble all material designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL and that has not become known to the public, including all copies, extracts and summaries thereof, and shall return such material to the party from whom the material was obtained, or at its option shall destroy such material *provided* that in such event such destruction shall be certified in writing to counsel for the party from whom the designated material was obtained. Notwithstanding the foregoing, outside counsel of record may keep one (1) set of pleadings, correspondence, court filings, discovery requests, discovery responses (excluding document productions), deposition transcripts and exhibits thereto, trial exhibits, trial transcripts, and a copy of the record on appeal in an archive, subject to the continuing obligations under this Protective Order. Outside counsel may also retain documents or information containing extracts or summaries of any information designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL if such documents or information are stored in outside counsels' electronic document systems and/or servers, subject to the parties' continuing obligations under this Protective

Order. To the extent that electronic copies of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be contained on backup tapes that are created and maintained solely for the purpose of disaster recovery, and which are periodically overwritten, such electronic copies shall not be subject to the provisions of this paragraph.

## XXII. WRONGFUL DISCLOSURE

If CONFIDENTIAL or HIGHLY CONFIDENTIAL material is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must (a) immediately bring all pertinent facts relating to such disclosure to the attention of the party that produced the CONFIDENTIAL or HIGHLY CONFIDENTIAL material; (2) retrieve such CONFIDENTIAL or HIGHLY CONFIDENTIAL material, or, where the information is not retrievable, certify that it has been lost or destroyed and that no copies are within the possession, custody, or control of unauthorized recipients of the information, documents, or materials; and (3) prevent further disclosure.

## XXIII. GOOD CAUSE

As stated above, good cause exists for this Court to enter this Protective Order, because it allows for both parties to disclose documents in the litigation of this matter without suffering from an economic and business detriment that would result from the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL material. The disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material would harm the parties financially and result in lost business opportunities because the parties' competitors would gain an unfair advantage over the parties if they learn the parties' CONFIDENTIAL or HIGHLY CONFIDENTIAL material. This material should be protected because it reveals the parties' current financial status, business strategy, business structure, and future opportunities and efforts.

## XXV. WAIVER OR TERMINATION OF ORDER

16

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.

## XXIV. PARAGRAPH CAPTIONS

The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Protective Order.

Respectfully submitted,

Dated: 12/29/09        By: *Kristopher P. Badame*
_____          _____
                                BADAME & ASSOCIATES, APC

                                Kristopher P. Badame
                                26060 Acero, Suite 130
                                Mission Viejo, Ca 92691
                                Tel: (949) 770-2867
                                Fax: (866) 230-3044

                                *Attorneys for Plaintiff*
                                TRANSQUIK, INC.

17

1

2  Dated:      12/29/09          By:    *S. Christopher Winter*

3                                       DYKEMA GOSSETT LLP

4                                       S. Christopher Winter
                                        333 S. Grand Avenue, Suite 2100
5                                       Los Angeles, CA 90071
                                        (213) 457-1800
6                                       (213) 457-1850 (fax)

7                                       *Attorneys for Defendants*
                                        CRUISE LOGISTICS, LLC
8                                       NATHAN NICHOLSON

9

10  IT IS SO ORDERED:

11

12  Date:    1/4/10

13                                       _____
                                         Paul L. Abrams
14                                       UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

## **NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear and agree that I have reviewed the terms of the Stipulated Protective Order entered in Case No. 2:09-cv-04769-JHN (PLAx), pending in the United States District Court, Central District of California, a copy of which has been provided to me.

I hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court. Further, to the extent I receive CONFIDENTIAL material or HIGHLY CONFIDENTIAL material in connection with this litigation, including the information contained therein, I agree that I will hold that material and information in confidence in accordance with the terms of the Order.

I hereby agree to only use CONFIDENTIAL material or HIGHLY CONFIDENTIAL material for the purpose of the prosecution or defense of this action, and for no other purpose.

I understand that I am to retain all copies of the materials that I receive that have been designated as CONFIDENTIAL material or HIGHLY CONFIDENTIAL material in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties.

I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me

from any of the continuing obligations imposed on me by the Order. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Order.

Dated: _____     Signed: _____

**<u>EXHIBIT B</u>**

**NON-DISCLOSURE AGREEMENT**

I, _____ , do solemnly

swear and agree that:

    1.    I understand that the focus group study in which I have been requested to participate will result in the receipt by me of information considered by third parties to be confidential and proprietary.

    2.    In consideration of my selection to participate in the focus group study and my receipt of any remuneration for my participation in that study, I agree to keep all information disclosed to me during the course of such study as confidential, and will not disclose such information to any other person.


Signed: _____

Dated: _____

Current Address: _____

_____

_____